```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


WELLS FARGO BANK, N.A.         *
                               *
v.                             *
                               *   Civil Action No. WMN-15-2882
FIRST AMERICAN TITLE           *
INSURANCE COMPANY              *
                               *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion to Dismiss.  ECF No. 9.  The motion is fully briefed.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be denied.

On September 23, 2015, Plaintiff Wells Fargo Bank, National Association[1] brought the present action against Defendant First American Title Insurance Company asserting a claim for breach of contract and seeking a declaratory judgment.  In its Motion to Dismiss, Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations.  The facts relevant to limitations are as follows.

On or about March 19, 2007, Thomas E. Hardnett and Derry D. Hardnett refinanced a loan secured by their property located at

---

[1] Plaintiff is bringing this action as the Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1.

7405 Kathydale Road, Baltimore, Maryland (the Property), with a loan from Option One Mortgage Company.  The loan was secured by the Property by virtue of a deed of trust dated March 19, 2007, and recorded among the Land Records for Baltimore County.  In conjunction with the closing of the loan, Huntington Title & Escrow Company issued a lender's policy of title insurance underwritten by Defendant.  The title policy insured that the lien of the insured deed of trust would operate as a first priority lien against the Property.  Following the issuance of the title policy, the loan was assigned to Plaintiff.

Subsequently, on January 30, 2012, Plaintiff made a claim under the title policy demanding that Defendant compensate it for losses incurred as the result of an alleged title defect.  This claim arose due to a claim of priority by, and subsequent foreclosure of, an indemnity deed of trust on the Property that had been granted to Bank of America (BOA Deed of Trust) in 1998.  The BOA Deed of Trust was not excepted to in the title policy underwritten by Defendant.  The foreclosure sale held on August 11, 2011, was ratified on November 21, 2011, and with the recordation of a trustees' deed on December 29, 2011, Plaintiff's interest in the Property under the insured deed of trust "was wiped out."  Accordingly, Plaintiff demanded from Defendant payment of policy limits for loss and damages suffered.

By letter dated November 20, 2012, Defendant denied the Title Claim. Compl., Ex. H, ECF No. 1-9. The basis for Defendant's denial was that Plaintiff failed to provide Defendant timely notice of the alleged title defect arising from the existence of the BOA Deed of Trust. In its denial, Defendant maintained that Plaintiff did not inform Defendant of the title defect until after the foreclosure sale had been completed and a final judgment had been entered. On September 4, 2015, Plaintiff requested that Defendant reconsider its denial of the title claim. On September 16, 2015, Defendant reiterated that its previous communication regarding the claim was appropriate. In this action, Plaintiff seeks declaratory relief and monetary damages against Defendant for breach of contract as a result of Defendant's denial of the demand for indemnity.

As stated above, Defendant moves to dismiss this action solely on the ground that Plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Federal Rule of Civil Procedure 8(c) and is not usually an appropriate ground for dismissal. See Eniola v. Leasecomm Corp., 214 F. Supp. 2d 520, 525 (D. Md. 2002); Gray v. Metts, 203 F. Supp. 2d 426, 428 (D. Md. 2002). Nonetheless, dismissal is proper "when the face of the complaint clearly

3

reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston–Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996); see 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 714 (3rd ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)."). Here, the parties agree that the applicable statute of limitations for Plaintiff's claim is Maryland's general statute of limitations, which provides that "a civil action at law shall be filed within three (3) years from the date it accrues. . . ." Md. Code Ann., Cts. & Jud. Proc. § 5-101. The parties disagree as to when Plaintiff's claims accrued.

A cause of action accrues for purposes of limitations when all elements of the cause of action have occurred. Shailendra Kumar, P.A. v. Dhanda, 43 A.3d 1029, 1034 (Md. 2012). Under Maryland law, the elements for a breach of contract claim are: 1) the existence of a contractual obligation owed, and 2) a material breach of that obligation. Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001).[2] Thus, a cause of action for

---

[2] Defendant contends, and Plaintiff does not dispute, that the limitations period for seeking a declaratory judgment based upon

4

breach of contract accrues and limitations begins to run on that claim when the breach occurs. Goodman v. Praxair, Inc., 494 F.3d 458, 465 (4th Cir. 2007).

In its Motion to Dismiss, Defendant contends that the statute of limitations began running, at the latest, on January 30, 2012, when Plaintiff first submitted a claim to Defendant under the title insurance policy. In Defendant's view, that submission was an acknowledgement that Plaintiff's interest in the Property had been "wiped out, thereby making any demand that [Defendant] cure the defect or take other steps to place the Insured Deed of Trust in its contracted for lien position futile." Mot. at 7-8, ECF No. 9-1. Because the Complaint was filed more than three years after January 30, 2012, Defendant asserts it is time barred.

In support of its view, Defendant relies almost exclusively on a decision from the United States District Court for the Eastern District of Pennsylvania, United States Bank, Nat. Ass'n v. First Am. Title Ins. Co., 944 F. Supp. 2d 386 (E.D. Pa. 2013). United States Bank addressed the question as to when the statute of limitations begins to run, under Pennsylvania law, on

---

a breach of contract is the same as the limitations period for bringing the breach of contract action. See Commercial Union Ins. Co. v. Porter Hayden Co., 698 A.2d 1167, 1193 (Md. Ct. Spec. App. 1997) (holding that "the period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief").

5

a title insurance claim after the plaintiff's interest in property was divested through a sheriff's sale.  Following a 1935 decision of the Supreme Court of Pennsylvania, In re Gordon, 176 A. 494 (Pa. 1935), the United States Bank court held that "a loss in a title insurance policy occurs when the interest in the property is affected" and, since the plaintiff's interest was definitely affected when its lien was divested in the sheriff's sale, the statute of limitations begins to run at the time of that loss, at the very latest.[3]  944 F. Supp. 2d at 399, 400 (citing In re Gordon, 176 A. at 495).

In response, Plaintiff argues that the statute of limitations began running, not when Plaintiff "first learned that it had suffered a loss of its mortgage lien" but rather on the date in which Defendant first "informed [Plaintiff] that it was denying [Plaintiff's] title claim arising from that loss." ECF No. 16 at 2.  Plaintiff contends that Maryland law states that a cause of action for breach of an insurance contract "accrues only after a claim is tendered to the insurer and the insurer fails to comply with its obligations under the agreement."  Id.  Thus, limitations did not begin to run, in Plaintiff's view, until November 20, 2012, when Defendant denied the title claim.  The Court agrees.

---

[3] The United States Bank court opined that plaintiff's interest "was arguably affected long before the sheriff's sale."  Id. at 399.

In Stewart Title Guaranty Co. v. West, 676 A.2d 953 (Md. Ct. Spec. App. 1996), Maryland's Court of Special Appeals comprehensively analyzed "the fundamental principles of title insurance."[4] Id. at 960. The Stewart Title court noted that title insurance "is a contract of indemnity, and not a contract of guaranty or warranty." Id. Thus, "a title insurer does not 'guarantee' the status of the grantor's title" but instead "agrees to reimburse the insured for loss or damage sustained as a result of title problems, as long as coverage for the damages incurred is not excluded from the policy." Id.

The Stewart Title court then addressed "when a title insurer may be deemed to have 'breached' its insurance contract." Id. at 961. While the Court of Special Appeals considered varied approaches, including Pennsylvania's approach in In re Gordon, the court specifically rejected that approach and concluded that "an insurer is not immediately in breach simply because title is defective on the day the policy is issued." Id. Instead, once the insurer is given notice of a title problem, "the insurer still has the option of paying the insured's loss, clearing the defects within a reasonable time,

---

[4] As Plaintiff correctly suggests, although Stewart Title is not a decision of Maryland's highest court, "[t]he general rule is that a federal court must follow the decision of an intermediate state appellate court unless there is 'persuasive data' that the highest court would decide differently." United States v. Little, 52 F.3d 495, 498 (4th Cir. 1995) (citation omitted).

7

or showing that the defects do not exist." Id. at 964. As such, a title insurance policy is breached only after notice of an alleged defect in title is tendered to the insurer and the insurer fails to perform any of those options. See id. at 962. In this case, Defendant's alleged failure was its refusal to indemnify Plaintiff's loss and that refusal was first expressed in the November 20, 2012, denial of Plaintiff's title claim.

While Defendant did not submit a reply to Plaintiff's Opposition, it did anticipate Plaintiff's reliance on Stewart Title in a footnote in its motion. Mot. at 8 n.3. Defendant argued that Stewart Title is inapplicable because Defendant never had the opportunity to disprove or cure the title defect in that it was not given notice of the defect until after the foreclosure. Late notice might give rise to a different defense to an indemnity claim should Defendant be able demonstrate that the delay in providing notice resulted in actual prejudice. Sherwood Brands, Inc. v. Hartford Accident & Indem. Co., 698 A.2d 1078 (Md. 1997). Late notice, however, does not change the timing of the breach. Furthermore, whether Defendant was prejudiced because of late notice is not a question that can be resolved on a motion to dismiss.

The Court concludes that the statute of limitations in this case began running November 20, 2012, when Defendant denied

8

Plaintiff's Title Claim and therefore, Plaintiff's filing of the Complaint on September 23, 2015, was timely.

Accordingly, IT IS this 6th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion to Dismiss, ECF No. 9, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge